IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RITA MOHLEN and<br>RICHARD SKRINDE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1179L<br><br>Hon. Marian Blank Horn |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW Defendant, UNITED STATES OF AMERICA, and hereby moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. A memorandum in support of this motion follows.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## I. FACTUAL AND PROCEDURAL BACKGROUND[1/]

Plaintiffs Rita Mohlen and Richard Skrinde were the alleged owners of real property located at 3017 Marina Drive in Alameda, California ("Marina Drive property") until they sold that property in September of 2005. See Compl. ¶ 2. The Marina Drive property is located adjacent to the Oakland Inner Harbor Tidal Canal ("OIHTC"), which is owned by the Army Corps of Engineers ("Corps"). See id. ¶¶ 2, 3.

In order to legally maintain and repair the dock abutting the Marina Drive property, Plaintiff Mohlen obtained a Nationwide Permit ("NWP") 3 from the Corps pursuant to Section 10 of the River and Harbor Act ("RHA"), 33 U.S.C. 403, and its implementing regulations, 33 C.F.R. Part 330.[2/] Id., Ex. 3. Normally, the NWP 3 alone would be sufficient to allow Plaintiffs to maintain and repair their dock in the waters of the United States. However, in situations where a structure is built on property owned by the United States, like the OIHTC, a separate real estate license must also be obtained from the Corps. See 10 U.S.C. §§ 2667-2668; 32 C.F.R. §§ 643.71-643.74.

On October 5, 2000, the Corps granted Plaintiff Rita Mohlen a five-year real estate license numbered DACW05-3-00-603 ("real estate license") "to maintain and repair an existing pier, boat house, boat hoist and floating dock within the contiguous Oakland Inner Harbor Tidal

---

[1/] The following facts are derived from Plaintiffs' Complaint and are not disputed for the purposes of this motion only.

[2/] A NWP 3 authorization is granted subject to the District Engineer's "discretionary authority to modify, suspend, or revoke a case specific activity's authorization under an NPW." 33 C.F.R. § 330.5(d).

Canal to [the] property at 3017 Marina Drive, Alameda, CA 94501, over, across, in and upon lands of the United States." Compl., Ex. 1 at 1. The temporary real estate license expressly stated that it was "revocable at will by the Secretary." Id. The real estate license was also "personal to the grantee, [Rita Mohlen] and . . . [was] not [to] be transferred or assigned." This five-year license expired by its terms no later than October 5, 2005. Id., Ex. 1 at 3.[3]

On August 19, 2004, the Corps sent a letter to Plaintiffs' attorney expressly revoking the NWP 3 authorization which had granted Plaintiffs permission to repair the existing dock located in the water behind the Marina Drive property. Id., Ex. 3. Plaintiffs contend that the same letter also revoked the real estate license granted to Plainitff Mohlen. Id. ¶ 5 (alleging that the Corps' letter "revoked the described license."). While the referenced letter does discuss Plaintiffs' "non-compliance" with the terms of the real estate license, it does not mention revocation of that license. Id., Ex 3.

On November 7, 2005, Plaintiffs filed the Complaint in this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Compl. ¶ 1. Plaintiffs' Complaint alleges that the United States violated the Fifth Amendment by taking Plaintiff Mohlen's real estate license without just compensation. Id. ¶ 4. According to Plaintiffs, their "interest in the [real estate] license and structures covered by the license are interests protected by the takings clause of the Fifth Amendment to the Constitution of the United States." Id. Plaintiffs posit that the alleged revocation of this license by the August 19, 2004 letter "impaired the value" of the Marina Drive property, id. ¶ 8, and as "a proximate result" Plaintiffs suffered a $300,000 loss when they sold the property in

---

[3] Technically, because the real estate license was not transferable or assignable, Compl., Ex. 1 at 1, it expired a few days prior to October 5, 2005, on the date in September 2005 on which Plaintiffs sold the Marina Drive property.

September of 2005. Id. ¶¶ 8, 9. Plaintiffs allege that the $300,000 figure "represent[s] the difference in value of the property with and without the license." Id. ¶ 8.

## II. ARGUMENT

### A. Standard of Review

This Court has the authority to dismiss a complaint for failure to state a claim pursuant to RCFC 12(b)(6). A complaint should be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Maniere v. United States, 31 Fed. Cl. 410, 419 (1994) (quoting Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993)).

When deciding a motion to dismiss based on lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the Complaint are true and must draw all reasonable inferences in the non-movant's favor. Newby v. United States, 57 Fed. Cl. 283, 290 (2003). Where, as here, the Court lacks jurisdiction over subject matter of the complaint, the correct remedy is dismissal of the action. "[U]nder [Court of Federal Claims] Rule 12(h)(3), this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . . ." Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368 (1988) (alteration in original).

For purposes of this motion only, the facts are not in dispute. Rather, the motion is based on the facts as alleged in Plaintiffs' Complaint.

**B. Plaintiff Richard Skrinde Has No Interest In The Non-Transferable Real Estate License Granted To Rita Mohlen**

Plaintiffs contend that "Richard Skrinde is the spouse of Rita Mohlen, a co-owner of the real property and holds a community property interest in the license held by Rita Mohlen." Compl. ¶ 4. However, the license was granted to Rita Mohlen only, see Compl., Ex. 1 at 1, and not to Richard Skrinde. As noted supra, the real estate license is non-transferable and personal to Ms. Mohlen, therefore Mr. Skrinde has no standing to participate in this lawsuit.

**C. Plaintiffs Complaint Should Be Dismissed Because They Cannot Establish That An Action Of The Federal Government Took Their Property.**

As an initial matter, Plaintiffs allege that the real estate license issued to them by the Corps was revoked by a letter dated August 19, 2004. Compl. ¶ 5. A reading of the letter reveals that while Plaintiffs' non-compliance with the real estate license was discussed, it was not revoked by that document. Id., Ex. 3. Although this Court must accept the facts of the Complaint as they are alleged, the question of whether a license has been revoked is one of law and a plaintiffs' "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Blaze Const., Inc. v. United States, 27 Fed. Cl. 646, 650-51 (1993). Accordingly, on the face of the Complaint, Plaintiffs have not alleged a fundamental element of any Fifth Amendment taking claim against the United States – federal governmental action. Blue v. United States, 29 Cl. Ct. 359 (1990) ("Federal government liability for a taking claim is dependent on federal government action."). Due to this failure, there is no set of facts on which Plaintiffs can prevail and their Complaint should be dismissed for failing to state a claim for which relief can be granted. See RCFC 12(b)(6).

**D. Plaintiffs' Complaint Should Be Dismissed Because They Did Not Hold A Property Interest Which Is Cognizable Under The Fifth Amendment.**

Plaintiffs' Complaint should be dismissed for failing to state a claim for which relief can be granted because they do not hold a property interest that is cognizable under the Fifth Amendment. See RCFC 12(b)(6). Plaintiffs claim a Fifth Amendment taking of a temporary license, which was granted by the Corps, see Compl. ¶ 8, and revocable at will. This license allowed Plaintiffs to maintain a dock over the United States' land, namely the OIHTC. Id.

The Federal Circuit has held that the issue of whether the plaintiff possess a compensable property interest is a threshold element of a plaintiff's claim. See Maritrans v. United States, 342 F.3d 1344, 1351 (Fed. Cir. 2003) ("First, a court must evaluate whether the claimant has established a 'property interest' for purposes of the Fifth Amendment." (citation omitted)). The question of whether Plaintiffs' owned a compensable property interest presents "a question of law based on factual underpinnings." Walcek v. United States, 303 F.3d 1349, 1354 (Fed. Cir. 2002) (citing Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001), cert. denied, 535 U.S. 1077 (2002)). Plaintiffs' Complaint does not make clear exactly what property interest was taken by the August 19, 2004 letter, accordingly, two distinct and equally unavailing possibilities must be evaluated.

**1. Federal Circuit Precedent Forecloses Plaintiffs From Claiming a Compensable Interest in the Real Estate License**

Plaintiffs allege that their "interest in the [real estate] license . . . is protected by the takings clause of the Fifth Amendment." See Compl. ¶ 4. Under Federal Circuit precedent, however, Plaintiffs' real estate license is not properly viewed as a compensable property interest and, therefore, there is no set of facts on which Plaintiffs can prevail on a Fifth Amendment

taking claim. See American Pelagic Fishing Company v. United States, 379 F.3d 1363 (Fed. Cir. 2004); Conti v. United States, 291 F.3d 1334 (Fed. Cir. 2002); Arctic Fisheries v. United States, 59 Fed. Cl. 360, 371 (2004) (noting that "licenses and permits . . . have repeatedly been held not to constitute compensable property under the Fifth Amendment.").

In American Pelagic, the plaintiff alleged, inter alia, that a Congressional appropriations act that revoked its existing fishing permits and prevented acquisition of new permits effected a Fifth Amendment taking of those permits. 379 F.3d at 1369. In response to American Pelagic's assertion that the appropriations act worked a taking of its government-granted permits and authorizations, this Court said "[l]icenses or permits are traditionally treated as not protected by the Takings Clause." 49 Fed. Cl. 36, 46 (2001). On appeal, the Federal Circuit affirmed this view and elaborated, citing Conti. American Pelagic, 379 F.3d at 1374.

In Conti, the Federal Circuit held that the plaintiff did not have a property interest in his fishing permit because he could not assign, sell or transfer it and it gave him no right to exclude others from the areas where he fished. 291 F.3d at 1341-42. This "absence of crucial indicia of a property right, coupled with the government's irrefutable retention of the right to suspend, revoke, or modify Mr. Conti's permit, compel[ed] the conclusion that the permit bestowed a revocable license, instead of a property right." Id. at 1342.

Plaintiff Mohlen's real estate license, like the permit in Conti, was at all times "revocable at will . . . ." Compl., Ex. 1 at 1. This fact, standing alone, should foreclose Plaintiffs from asserting any property interest in the license. Conti, 291 F.3d at 1342.

Plaintiffs' real estate license, like the permits in American Pelagic and Conti, also lacks other "crucial indicia of a property right." Id. The real estate license held by Plaintiff Rita

Mohlen lacked the alienability that traditionally marks a property right because it was "personal" to her and "not [to] be transferred or assigned." Compl., Ex. 1 at 3. The right to exclude was likewise lacking in the license because it was granted subject to "the right of the Untied States to improve, use or maintain the premises" and subject to "other outgrants of the United States." Id. Accordingly, because the license here lacks the indicia of a traditional property right it, like the permits evaluated in American Pelagic and Conti, cannot serve as the basis of Plaintiffs' Fifth Amendment taking claim.[4/]

**2. The Supreme Court's Holding in United States v. Fuller Forecloses Plaintiffs' Claim for the "Impaired Value" of the Marina Drive Property.**

Plaintiffs allege that the revocation of the real estate license "impaired the value" of the Marina Drive property. Compl. ¶ 8. Specifically, Plaintiffs claim that they sustained "a loss of approximately $300,000., [sic] representing the difference in value of the property with and without the license." Id. ¶ 9. This claim is, however, squarely foreclosed by the Supreme Court's holding in United States v. Fuller, 409 U.S. 488 (1973).

In Fuller, the United States instituted condemnation proceedings against a parcel of land owned in fee by a cattle rancher. 409 U.S. at 490. The rancher argued, and the district court found, that the value accruing to the fee lands by virtue of federally granted grazing permits should be included in calculating just compensation for the deprivation of those lands. Id. The Court of Appeals for the Ninth Circuit affirmed this view, and the government appealed. Id. In

[4/] As noted above, Plaintiffs' NWP 3 authorization was granted subject to the District Engineer's "discretionary authority to modify, suspend, or revoke . . ." it. 33 C.F.R. § 330.5(d). Accordingly, this same analysis would prevent Plaintiffs from claiming a compensable property interest in their NWP 3 authorization.

reversing, the Supreme Court cited the "general principle that the Government as condemnor may not be required to compensate a condemnee for elements of value that the Government created, or that it might have destroyed under the exercise of governmental authority other than the power of eminent domain." Id. at 492. The Court went on to sharpen this point, noting that the government "need not compensate for value which it could remove by revocation of a permit for the use of the land that it owned outright." Id.

Plaintiffs here seek compensation for $300,000 of value allegedly taken from their fee land, the Marina Drive property. Compl. ¶ 8. This value, however, accrued to the property by virtue of the real estate license which granted Plaintiffs the right of access to "land that [the government] owned outright," namely the OIHTC. Id.; Fuller, 409 U.S. at 492. Accordingly, Defendant "need not compensate" Plaintiffs because it has done nothing more than "remove by revocation" value that flowed to the Marina Drive property from the real estate license that allowed Plaintiffs to use the government's land. Id.

**E. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claimed Deprivations Of Due Process Or Equal Protection**

The Tucker Act, 28 U.S.C. § 1491(a), confers jurisdiction upon this Court in actions seeking to vindicate "a substantive right [, other than those arising in tort,] enforceable against the federal government for money damages." LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (discussing the Tucker Act). Accordingly, to the extent Plaintiffs' allege violations of their Equal Protection or Due Process rights, Compl. ¶¶ 6,7, this Court lacks jurisdiction to hear their claims. This conclusion arises from the fact that neither of these Constitutional rights "mandate payment of money by the government." LeBlanc, 50 F.3d at 1028. These claims should be dismissed pursuant to RCFC 12(b)(1) because this Court lacks

subject matter jurisdiction to hear them.

Additionally, to the extent Plaintiffs' claim is rooted in tort – they claim to have been "damaged" as a "proximate result" of the Corps' actions, Compl. ¶ 9 – this Court lacks subject matter jurisdiction and should dismiss pursuant to RCFC 12(b)(1). See 28 U.S.C. § 1491(a)

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety.

Dated: February 3, 2006

Respectfully submitted,
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley

Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0274