IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RITA MOHLEN and
RICHARD SKRINDE,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-1179L

Hon. Marian Blank Horn

**DEFENDANT'S MOTION TO REVISE THE FACT DISCOVERY SCHEDULE**

Defendant, United States of America, respectfully moves to revise the fact discovery schedule in the above referenced matter.

By an Order of May 2, 2006, the Court set August 25, 2006 as the closing date for discovery in this case. Due to certain developments in the case defendant respectfully moves for a forty-five day extension of the period for fact discovery or to and including October 9, 2006. There have been no other requested extensions of this deadline.

Pursuant to the Court's Order of March 13, 2006,[1/] the parties entered a period of informal discovery. Defendant made seven informal request for the production of documents on April 17, 2006. Plaintiffs' counsel indicated that the responsive documents would be sent to

[1/] By order dated March 13, 2006, the Court stayed further briefing on defendant's Motion to Dismiss, which was filed February 3, 2006, because "the parties indicated that discovery may be necessary and that the defendant's motion to dismiss may be premature . . . ." Docket No. 10. In an order dated, May 2, 2006, the Court lifted the stay, reinitiated the briefing schedule and initiated formal discovery. Docket No. 12. In response defendant filed a Reply in Support of Its Motion to Dismiss and began its discovery process. Docket No. 13.

defendant on a compact disc. Defendant never received any compact disc from plaintiffs. On June 13, 2006, plaintiffs did forward to defendant one copy of the closing documents associated with their sale of 3017 Marina Drive, Alameda, California, the subject property in this litigation. Taking this response into account, six of defendant's seven informal requests for document production remain unaddressed.

In its order of May 2, 2006, the Court opened formal discovery in these proceedings. On June 9, 2006, after waiting in vain to receive the above-discussed documents to aid in their drafting, defendant propounded on plaintiffs interrogatories and requests for admissions pursuant to Rules 33 and 35 of the Rules of the Court of Federal Claims ("RCFC"). Plaintiffs' responses to these requests were originally due July 12, 2006, but plaintiffs contacted defendant who agreed to accept plaintiffs' responses on July 31, 2006. Defendant did not receive plaintiffs' responses on July 31.

Plaintiffs counsel later promised via email that the responses would be provided by August 9, 2006. Defendant is still not in receipt of these responses despite multiple attempts, via telephone, email and letter, to contact plaintiffs regarding their whereabouts.

Defendant had hoped to have plaintiffs' responses in hand before deciding whether the taking of plaintiffs' depositions would be necessary. Finally, however, defendant had to proceed and on August 2, 2006, it noticed the depositions of plaintiffs for August 24, 2006. Counsel for plaintiffs notified defendant that plaintiffs were not available for deposition on that date, and would not be available until September 19, 2006. Accordingly, the parties have set the depositions of plaintiffs for September 19, 2006, subject to this Court granting this motion.

For their part, plaintiffs have submitted one informal request for the production of

documents, to which defendant responded, and they noticed the deposition of four United States Army Corps of Engineers (the "Corps") employees for August 25, 2006. This includes a deposition pursuant to RCFC 30(b)(6) on a matter that is defendant believes is irrelevant to the issue of whether a Fifth Amendment taking has occurred in this case.[2]

Other matters have complicated the discovery process in this case. For example, the Corps employee who is most fit to be the deponent in the 30(b)(6) deposition requested by plaintiff was on assignment with the Air Force in Qatar until early this summer. Upon returning, he got acquainted with the case as quickly as possible, but his scheduled vacation prevents his appearing for the 30(b)(6) deposition on the date proposed by plaintiffs. Additionally, two of the Corps employees that plaintiffs wish to depose have retired and were unable to attend the planned depositions on August 25, 2006. Further, one of the requested deponents was reassigned to a teaching position at West Point recently, making his appearance in Alameda, California on August 25, 2006 impossible.

Additionally, even if defendant receives plaintiffs' responses immediately, it will still need time to evaluate them and potentially ask follow-up questions. A forty-five day extension will provide defendant with sufficient time to analyze plaintiffs' responses and raise any additional issues.

This extension would also allow defendant to take plaintiffs' depositions as scheduled

---

[2] Plaintiff seeks to depose the Corps' employee most knowledgeable about the lease of the Oakland Inner Harbor Tidal Canal, Corps property, to the City of Alameda. The property plaintiffs' claim was taken abutted the canal which was leased by the Corps to Alameda in the 1980s. The lease, however, ended in the 1990s and was not in effect when any of the actions that could allegedly have led to a taking by the United States occurred.

and provide sufficient time for plaintiffs to reschedule their depositions of the Corps employees from whom they seek information.

Counsel for defendant has attempted to confer with counsel for plaintiffs to get his position on this motion, but was informed that counsel for plaintiffs will be on vacation until August 24, 2006. Counsel for defendant also left a voice message but did not receive a return call.

WHEREFORE, for the foregoing reasons, defendant moves the Court to revise the discovery schedule and allow an additional forty-five days, or up to and including October 9, 2006, for the completion of fact discovery. Defendant also requests that the Court order plaintiffs to expediently respond to defendant's discovery requests.

Dated: August 22, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/ Mark T. Romley
MARK T. ROMLEY
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044
(202) 305-0458
Mark.Romley@usdoj.gov

Of Counsel:

Jack M. Kerns
United States Army Corps of Engineers
San Francisco, California