IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RITA MOHLEN and<br>RICHARD SKRINDE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1179L<br><br>Hon. Marian Blank Horn |

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 5, 2006**

Defendant, United States, herein responds to the Court's Order of September 5, 2006. In that Order, the Court requested supplemental responses from the parties on two subjects. First, the Court asked the parties to address the expenditure-generating actions taken by plaintiffs in reliance on the approval granted to them under the Nationwide Permit program administered by the Army Corps of Engineers ("Corps"). Second, the Court asked the parties to discuss whether the structures plaintiffs built pursuant to their Nationwide Permit approval were removed or destroyed by either party following the revocation of plaintiffs' approval under the Nationwide Permit program.

## I. BACKGROUND

On November 7, 2005, plaintiffs initiated this action by filing a Complaint claiming the United States had taken $300,000 in value from their home at 3017 Marina Drive, Alameda, California (the "Marina Drive property"). Compl. at ¶¶ 8,9. The government action alleged to

have effectuated this taking was the revocation of a Nationwide Permit[1/] that had allowed plaintiffs to construct and maintain a boathouse, dock and pier over and upon land owned by the Corps; namely the Oakland Inner Harbor Tidal Canal (the "OIHTC"). Id. at 8. A real estate license, granted by the Corps to plaintiffs in October of 2000 and attached to plaintiffs' Complaint as Exhibit One, was also necessary for plaintiffs to carry out this work. This license expired by its own terms in October of 2005 or, because it was not transferable, in September of 2005 when plaintiffs sold the Marina Drive property. See Compl., Ex. 1 at 1.

On February 3, 2006, defendant filed a Motion to Dismiss ("Def's Mot.") plaintiffs' Complaint under rules 12(b)(6) and 12(b)(1) because it fails to state a claim upon which relief can be granted and because portions of plaintiffs' complaint are beyond the subject matter of this Court. Docket No. 7. On March 6, 2006, Plaintiff's [sic] Memorandum in Opposition to Motion to Dismiss ("Pltfs' Opp.") was filed. Docket No. 8. By order dated March 13, 2006, the Court stayed further briefing on Defendant's Motion to Dismiss. Docket No. 10. In an order dated, May 2, 2006, the Court lifted the stay and reinitiated the briefing schedule. Docket No. 12. Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint ("Def's Reply") was filed on May 15, 2006 and completed the briefing schedule. Docket No. 13. Since that time, the parties have been engaged in the discovery process.

---

[1/] Nationwide Permit authorizations are exceptions to the Corps' general permit procedures granted for projects that are expected to have minimal impacts and the approvals are subject to the District Engineer's "discretionary authority to modify, suspend, or revoke a case specific activity's authorization under an NWP." 33 C.F.R. § 330.5(d).

## II. ACTIONS TAKEN BY PLAINTIFFS, GENERATING EXPENDITURES, IN RELIANCE ON THE APPROVAL THEY RECEIVED UNDER THE NATIONWIDE PERMIT PROGRAM

The Court's first question concerns an easement which plaintiffs claim to have created over federal land by expending money in reliance on the approval they received pursuant to the Nationwide Permit.[2/] Specifically, the Court has asked the parties to identify the expenditure-generating actions taken by plaintiffs in reliance on the approval granted them under the Nationwide Permit program. Additionally, the Court has asked whether the boathouse and dock that plaintiffs claim were taken, were present on the Marina Drive property when plaintiffs purchased it, or whether plaintiffs built the boat house and dock after acquiring the property.

In their Answers to Interrogatories and Requests for Admissions in this matter, plaintiffs stated that "prior owners had performed all original construction of [the] pier, boathouse, boathoist and floating dock . . . ." Answers to Interrogatories and Requests for Admissions, attached as Defendant's Exhibit 2 ("Def's Ex. 2"), at 11, Response to Interrog. No. 11. Accordingly, it appears that the boathouse and dock were present on the OIHTC when plaintiffs acquired the Marina Drive property. Id.[3/]

The Court has also asked the parties to detail the expenditure-generating actions taken by

---

[2/] Plaintiffs cite Noronha v. Stewart, 199 Cal.App.3d 485 (Cal.Ct.App 1988), for the proposition that they created an easement over defendant's property. Pltfs' Opp. at 4-5. However, Noronha is not applicable because the rule announced in that case only applies to cases involving oral licenses. Id. at 490 (citing Cooke v. Ramponi, 239 P.2d 638, 641). This case, of course, involves a written approval granted pursuant to the Nationwide Permit program and a written real estate license, not an oral license. See 33 C.F.R. § 330.1(d); Compl., Ex. 1 at 1.

[3/] Defendant's responses to the Court's first question are based on information that has been provided to defendant's by plaintiffs' in response to defendant's First Set of Interrogatories. Defendant has no knowledge of the facts it now relates in response to the Court's first question independent of information provided by plaintiffs.

plaintiffs in reliance on the approval granted to them under the Nationwide Permit program.

Defendant knows of three groups of actions taken by plaintiffs that could conceivably have generated expenditures in reliance on the approval they were granted under the Nationwide Permit program. First, plaintiffs' "initial work [on the dock] occurred in 1994," pursuant to a Nationwide Permit approval numbered 21250 E01. Id. This work included the replacement of the dock's "headers, joists, decking [and] piles." Id. Second, plaintiffs have indicated that additional work on the boathouse and dock was completed pursuant to their Corps real estate license and a 2002 Nationwide Permit approval. Id. This later round of work consisted of the installation of a handrail and windbreak on the boathouse roof, the relocation of the boathoist weather partition and the reorientation of the gangway leading to the dock. Id. Plaintiffs noted that this work was "completed prior to applying" for the 2002 Nationwide Permit. Id. Third, plaintiffs allege that they contracted "architects and other professionals" to assist in preventing the revocation of their real estate license. Compl. at ¶ 9. These three groups of actions appear to be the sum of the actions taken by plaintiffs that could possibly have generated expenditures in reliance on the approval they received pursuant to the Corps' Nationwide Permit program.

## III. NEITHER DEFENDANT NOR PLAINTIFFS DESTROYED OR REMOVED THE BOATHOUSE AND DOCK

The Court's second question asked the parties to discuss whether the structures plaintiffs built pursuant to their Nationwide Permit approval were removed or destroyed by either party following the revocation of that approval. By plaintiffs' own admission, those structures remained intact on the OIHTC when plaintiffs sold the Marina Drive property. See Def's Ex. 2, at 12, Response to Request for Admission No. 2 ("Request for Admission No. 2: The structures

You built on and over the OIHTC remained on and over the OIHTC at the time You sold the Marina Drive property. Response: Yes. . . "). Accordingly, it is clear that neither party took any action to destroy or remove the dock and boathouse located behind the Marina Drive property following the revocation of the approval received by plaintiffs pursuant to the Nationwide Permit program.

**IV. CONCLUSION**

Defendant respectfully submits the foregoing and hopes that it will assist the Court in this matter.

Dated: September 11, 2006.

Respectfully submitted,
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506