IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RITA MOHLEN and<br>RICHARD SKRINDE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1179L<br><br>Hon. Marian Blank Horn |

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 19, 2006**

Defendant, United States, herein responds to the Court's Order of September 19, 2006. In that Order, the Court requested responses to six questions which arose during the September 19, 2006 oral argument on defendant's Motion to Dismiss plaintiffs' Complaint.

## I. ARGUMENT

1. THE UNRECORDED DEED GIVEN TO MR. SKRINDE IS HAS NO IMPACT ON THE COURT'S DETERMINATION OF WHETHER PLAINTIFFS' ALLEGED "RIGHT TO MAINTAIN AND REPAIR" STRUCTURES ON THE OAKLAND INNER HARBOR TIDAL CANAL WAS TAKEN

In its Motion to Dismiss plaintiffs' Complaint, Defendant argued that Richard Skrinde has no standing to participate in this suit because the real estate license which granted plaintiff Rita Mohlen the permission to maintain and repair improvements on land owned by the Army Corps of Engineers (the "Corps") was granted to Ms. Mohlen alone, was personal to her and was not transferrable by her. Def's Mot. at 5. Since defendant's initial brief, however, plaintiffs' theories regarding what interest was taken have changed. At oral argument on defendant's motion, plaintiffs asserted that Richard Skrinde did indeed have standing to participate in this

suit by virtue of an unrecorded grant deed given to him by Rita Mohlen. The unrecorded deed allegedly conveyed to Richard Skrinde a half interest in the Marina Drive property. At oral argument, Plaintiffs also asserted that because a 1913 War Department Grant acted as an easement, it ran with the land and Mr. Skrinde also had a half interest in the alleged easement.

Initially, the appropriate date for determining who has standing to participate in a suit for the taking of property in violation of the Fifth Amendment of the Constitution of the United States is the date of the alleged taking. See United States v. Dow, 357 U.S. 17, 20-21 (1958). Plaintiffs here have alleged that a taking occurred, if at all, on August 19, 2004. Accordingly, if Richard Skrinde had an interest in the Marina Drive Property on that date he would have standing to participate in a suit which alleged a taking of that property.

In their Complaint, plaintiffs alleged that "Richard Skrinde is the spouse of Rita Mohlen, a co-owner of the real property and holds a community property interest in the license held by Rita Mohlen." Compl. at 4. Because the real estate license was granted to Rita Mohlen, personal to her and not transferrable by her, defendant moved to dismiss Richard Skrinde from this suit because he does not have standing to allege any interest in the license. Def's Mot. at 5. To the extent plaintiffs allege a compensable property interest in the real estate license or the Nationwide Permit, defendant maintains that Mr. Skrinde would have no standing to participate in this suit because he has no interest in those approvals.[1/]

Plaintiffs allege that Rita Mohlen granted to Richard Skrinde a half interest in the Marina Drive property by virtue of a grant deed dated December 28, 1994. Answers to Interrogatories

[1/] Of course, neither the Nationwide Permit nor the real estate license could serve as the basis of a Fifth Amendment takings claim. See Def's Mot. at 6-8.

and Requests for Admissions, attached as Defendant's Exhibit 2 to Defendant's Brief in Response to the Court's Order of September 5, 2006, Response to Interrog. No. 4. This deed was never recorded. Id. Because this grant was made in California and concerned California real estate, the effect of the unrecorded deed granting a half interest in the Marina Drive property to Mr. Skrinde is properly evaluated pursuant to California real estate law. See McKay v. United States, 199 F.3d 1376, 1381 (Fed. Cir. 1999) (noting that the Court of Federal Claims correctly looked to state law to define the property interest).

There is no dispute that the deed given by Ms. Mohlen to Mr. Skrinde was not recorded. Def's Ex. 2, Interrog. No. 4. In California an unrecorded deed is "valid as between the parties thereto and those who have notice thereof." Cal. Civ. Code § 1217 (West 1982).[2/] As between the parties to the unrecorded deed, Rita Mohlen and Richard Skrinde, the unrecorded deed was effective upon delivery on December 28, 1994. As noted above, only the owner of property on the date of an alleged taking has standing to assert a Fifth Amendment takings claim. Dow, 357 U.S. at 20-21. Accordingly, to the extent plaintiffs have alleged a taking of the Marina Drive property itself, and not the right to maintain and repair structures on federal land and pursuant to federal approvals, Richard Skrinde would have standing to participate in this suit by virtue of his unrecorded deed.

As discussed below, no interest in the 1913 War Department Grant flowed to Rita Mohlen. See infra Question 3. It follows that Mr. Skrinde received no interest from that grant.

---

[2/] The entire section reads "UNRECORDED INSTRUMENT VALID BETWEEN PARTIES. An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." Cal. Civ. § 1217 (West 1982). It is clear that a deed is an instrument within the ambit of this section. See Brock v. First South Savings Assoc., 8 Cal.App.4th 661 (Cal. Ct. App. 1992) (discussing California Civil Code Section 1227 in the context of a deed).

2. THE CORPS' REFERENCES TO MR. SKRINDE IN THE CORRESPONDENCE CONCERNING THE NATIONWIDE PERMIT ARE OF NO LEGAL SIGNIFICANCE TO THE QUESTION OF STANDING

The Court has asked the parties to address the significance, if any, of the fact that the August 19, 2004 letter which revoked the Nationwide Permit addressed Mr. Skrinde in terms that suggested he had an ownership interest in that approval. Compl., Ex. 3.

The August 19 letter's references to "Mr. Skrinde's proposed project," "proposed activity," "proposed plan" and "proposed dock" should not be read to change the fact that Rita Mohlen's name alone appears on the Nationwide Permit that was issued for the work behind the Marina Drive property because they do not imply ownership of the permit. Rather, those references only suggest an involvement in and possible ownership of the structures to be built pursuant to the Nationwide Permit approval. Further, the Corps's confusion and inaccurate drafting is understandable given that it was Mr. Skrinde who attended meetings concerning the permit with his attorney, Compl., Ex. 3, Mr. Skrinde who acted as Rita Mohlen's agent in acquiring the 1994 Nationwide Permit, Skrinde Affidavit, Ex. 6, and Mr. Skrinde who submitted the application materials for the 2002 Nationwide Permit, Skrinde Affidavit, Ex. 9. Accordingly, Mr. Skrinde still has no interest in the real estate license or Nationwide Permit which would confer him standing to assert an interest in those approvals.

3. THE 1913 ACT WAS NULLIFIED, ACCORDINGLY, THE NAVIGABILITY OR NON NAVIGABILITY OF THE GOVERNMENT-OWNED PROPERTY IS IRRELEVANT

Plaintiffs theory, as developed at the argument on defendant's Motion to Dismiss, that a 1913 War Department Grant "ran with the land" and granted them an "easement," is fatally flawed. The 1913 Grant allowed landowners abutting the OIHTC to place "non-permanent

structures . . . between [the] pierhead and bulkhead lines." The bulkhead line is the property line between the OIHTC and the parcels belonging to adjacent landowners. The pierhead line was an imaginary line drawn "25 feet channelward of the bulkhead line[]." Def's Ex. 3. However, in 1929, the Corps effectively nullified the 1913 Grant when it merged the pierhead and bulkhead lines. Def's Ex. 3. Once the 1913 Grant was nullified by the Corps, plaintiff Mohlen's predecessors-in-interest had no right to maintain improvements on the OIHTC. Interests in federal land must be expressly granted and cannot be inferred. See United States v. Union Pacific R.R., 353 U.S. 112, 116 (1957). It follows, therefore, that there could not have been an interest to "run with the land" as claimed by plaintiffs at the oral argument. Accordingly, the question of whether the structures place on the Corps' property pursuant to the 1913 Grant were or were not in navigable waters is irrelevant to resolution of this matter.

The structures which plaintiffs placed on the waters of the United States pursuant to an approval granted under the Nationwide Permit program were, by definition, placed within the navigable waters of the United States, otherwise the approval would not have been necessary. See 33 C.F.R. § 330.1 (stating that a Nationwide Permit satisfies Section 10 of the River and Harbors Act, which regulates impediments placed in the navigable waters of the United States). The navigable waters of the United States are defined as "those water that are subject to the ebb and flow of the tide . . . ." 33 C.F.R. § 329.4. The OIHTC is a tidal canal and as such the waters in it are navigable waters of the United States. Id.

If the waters are not navigable waters, then the Corps had no authority under Section 10. However, the question of navigability is ultimately irrelevant because the United States owns the land underlying the canal. Therefore the Untied State has independent authority under the

property clause of the United States Constitution to regulate what structures will be placed on its property. U.S. Const. Art. IV, § 3, cl. 2.

4. PLAINTIFFS HAVE NOT CHALLENGED THE GOVERNMENT'S PERMIT REVOCATION AS VIOLATING THE 1913 GRANT

Defendant does not read plaintiffs' Complaint, opposition brief or the affidavit of Mr. Skrinde as alleging that the revocation of the Nationwide Permit as violating the 1913 Grant and plaintiffs cannot allege such action. As discussed infra at Section II.3, the Corps stripped the 1913 Grant of its effectiveness in 1929. Accordingly, the August 19, 2004 revocation of Rita Mohlen's Nationwide Permit could not have violated the no longer effective 1913 Grant.

5. PLAINTIFFS HAVE NOT FACIALLY CHALLENGED THE NATIONWIDE PERMIT AS VIOLATING THE 1913 GRANT

Plaintiffs have not alleged that the regulations implementing the Nationwide Permit program facially violate the 1913 Grant.[3/] Further, any challenge to the promulgation of those regulations, a final agency action, would need to be brought pursuant to the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706; See Lawrence v, United States, 69 Fed.Cl. 550, 554 (2006) (noting that final agency actions should be reviewed pursuant to the APA). Because this Court does not have jurisdiction to hear matters implicating the APA, except in bid protest cases, Id. ; 28 U.S.C. § 1491(b)(4), this question is outside the Court's jurisdiction and irrelevant to the resolution of this matter.

6. THIS CASE IS NOT RIPE FOR REVIEW BECAUSE THE PLAINTIFFS DID NOT APPLY TO THE CORPS' INVITATION TO APPLY FOR AN INDIVIDUAL OR NATIONWIDE PERMIT

[3/] These regulations are found at 33 C.F.R Part 330.

At oral argument the issue of whether plaintiffs claim was ripe for review despite the fact that they had not availed themselves of the invitation, extended in the August 19, 2004 revocation letter, to apply for a permit consistent with the moratorium on new construction. If plaintiffs' claim is not ripe, this Court does not have jurisdiction over that claim. Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 735 (1997). Further, it is plaintiffs' burden to establish that their claim is ripe for adjudication. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

In the regulatory takings context a claim is not ripe "'until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue . . . .'" Morris v. United States, 58 Fed. Cl. 95, 97 (2003) (quoting Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 191 (1985)) aff'd 392 F.3d 1372 (Fed. Cir. 2004). Accordingly, if, as here, the option to apply for a new permit is open the agency has not reached a "final, definitive position" and the claim is not ripe. Id. The August 19, 2004 clearly invited plaintiffs to apply for a permit that "complied with the moratorium on new construction." Compl. Ex. 3. Plaintiffs have not alleged that they applied for such a permit nor have they offered any proof that they did so. Accordingly, plaintiffs' claim is not ripe for adjudication and must be dismissed.

**II. CONCLUSION**

Defendant respectfully submits the foregoing and hopes that it will assist the Court in this matter.

Dated: September 25, 2006.

Respectfully submitted,
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley

Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506